Sydney E. McKenna
Justin Starin
MCKENNA & STARIN
TRIAL ATTORNEYS, PLLC
815 E. Front Street, Suite 4A
P.O. Box 7009
Missoula, MT 59807-7009
Tel.:(406) 327-0800
Fax:(406) 327-8706

Attorneys for the Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| KAITLIN KIMZEY,  Plaintiff, vs. GREAT NORTHWEST INSURANCE COMPANY,  Defendant. | Cause No.:  **PETITION FOR DECLARATORY JUDGMENT & COMPLAINT** |
|---|---|

¶1    The Plaintiff Kaitlin Kimzey submits this petition and complaint against Great Northwest Insurance Company seeking declaratory relief pursuant to the Federal Declaratory Judgment Act (28 U.S.C. §§ 2201, 2202) and Montana's Uniform Declaratory Judgment Act (Mont. Code Ann., Title 27, Chapter 8) and damages for breach of contract.

¶2    Kaitlin is a resident and citizen of Beaverhead County, Montana.

¶3     Great Northwest Insurance Company is incorporated in a state other than Montana and has is its principle place of business in a state other than Montana.

¶4     The Court has jurisdiction pursuant to 28 U.S.C. § 1332, because of the diversity of citizenship between the parties and because the amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs.

¶5     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claims occurred in Beaverhead County, Montana.  *See* L.R. 1.2(c)(2).

¶6     On December 1, 2012, in Dillon, Montana, Walter Divino, a resident of Idaho, crashed his vehicle into a vehicle owned by Richard and Tina Johnston and driven by their son Alexander Johnston.  Kaitlin Kimzey was a passenger in the Johnstons' vehicle.  Kaitlin was injured in the crash.  She was 17 years old.  The Montana Highway Patrol officer who investigated the crash concluded that Mr. Divino caused the crash.  The Crash Investigation Report describes the crash as follows:

> Vehicle #1 (Divino) was heading north on Montana Street and moved to the center lane to make a left turn onto the I-15 North Interchange Access.  Driver #1 said he was distracted by a tractor trailer that had made a right turn from the access on to [the] Montana Street and crossed into the turn lane.  Driver #1 said he saw the green light and made the left turn, at which time he was struck by Vehicle #2 (Johnston) heading south on Montana Street through the intersection with a green light.  Driver #1 was required to yield, as the green light

did not indicate a left turn until yielding right of way to oncoming traffic.

¶7   Mr. Divino was insured by USAA, which paid Kaitlin Mr. Divino's liability policy limits.  The Johnstons' vehicle was insured by Great Northwest Insurance Company, which has UIM policy limits of $100,000.  Kaitlin is an insured under the Johnstons' policy because she was occupying their vehicle at the time of the crash.

¶8   A controversy exists between the parties for which Kaitlin requests a declaratory ruling, pursuant to 28 U.S.C. §§ 2201, 2202 and Mont. Code Ann. §§ 27-8-01, et. seq., that Great Northwest Insurance Company's policy provides UIM coverage for Kaitlin's damages.

¶9   Kaitlin has damages for bodily injury that she is legally entitled to recover from Mr. Divino, who was driving an underinsured motor vehicle.

¶10  Kaitlin has sustained a covered loss under Great Northwest Insurance Company's policy.

¶11  Great Northwest Insurance Company has a contractual duty to pay Kaitlin damages up to the UIM policy limits.

¶12  By failing to pay Kaitlin the full benefit of the insurance contract, Great Northwest Insurance Company has breached its contract with the Johnstons. Kaitlin was an intended beneficiary of the contract between Great Northwest Insurance Company and the Johnstons.

¶13   Kaitlin respectfully requests that:

    a.   the Court declare that Kaitlin is entitled to UIM coverage under Great Northwest Insurance Company's policy for the accident caused by Mr. Divino;

    b.   the Court find that Great Northwest Insurance Company breached its contract with the Johnstons when it failed to pay Kaitlin the full benefit of the insurance contract;

    c.   the Court determine the amount of Kaitlin's damages;

    d.   the Court determine the amount of Kaitlin's attorney fees;

    e.   the Court determine the amount of Kaitlin's costs of suit; and

    f.   any other relief the Court deems proper.

Dated this 26th day of November 2014.

                                              /s/ Justin Starin
                                              Justin Starin Attorney
                                              McKenna & Starin Trial Attorneys, PLLC
                                              P.O. Box 7009
                                              Missoula, MT 59807
                                              justin@mslawmt.com
                                              406-327-0800